**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD S | : | CIVIL ACTION |
| AND EXCESS INSURANCE | : | NO. 05-2809 |
| COMPANY LTD., *et al.*, | : | 05-2810 |
| | : | 05-2811 |
| Petitioners, | : | 05-2812 |
| | : | 05-2813 |
| v. | : | |
| | : | |
| CENTURY INDEMNITY COMPANY, AS | : | |
| SUCCESSOR TO INSURANCE COMPANY | : | |
| OF NORTH AMERICA, *et al.*, | : | |
| | : | |
| Respondents. | : | |

NEWCOMER, S.J.                                            August 1st, 2005

<u>**MEMORANDUM AND ORDER**</u>

Presently before the Court are Petitioners  Petitions to Compel Arbitration (in part) and Stay Arbitration (in part).  For the reasons set forth below, the relief sought in the Petitions is denied.  An appropriate order follows.[1]


**I. BACKGROUND**

The Parties have become embroiled in a dispute over reinsurance pay-outs as a result of asbestos litigation.  The relevant reinsurance contracts underlying this dispute were entered into during the 1950's and 1960's.  A series of these layered contracts constitutes a reinsurance program.[2]  There are

---

[1]Respondents have requested an oral argument on this Petition which, in light of this Court s disposition, will be denied. See LOCAL R. CIV. P. 7.1 (f) (noting that  [t]he Court may dispose of a motion without oral argument  ).

[2] Case No. 05-CV-2809 involves Century s General Casualty Treaty ( Treaty 101 ) reinsurance program for years 1951 through 1967; Case No. 05-CV-2810 involves Century s Blanket Excess of Loss Treaty ( Global Slip ) reinsurance program for years 1968 through 1972; Case No. 05-CV-2811 involves

five such programs at issue, as reflected by the five civil
actions before the Court for resolution.  Each reinsurance
contract contained a unique arbitration clause.  The issue for
this Court to resolve is whether to compel arbitration as
structured by the Petitioners or as structured by the
Respondents.  Petitioners seek to compel arbitration as it is
provided for in each reinsurance contract, while Respondents
seeks to group each arbitration by the reinsurance program.

## II. LEGAL STANDARD

The well-settled summary judgment standard set forth in FED.
R. CIV. P. 56(c) governs a motion to compel arbitration.  See
Bellevue Drug Co. v. Advance PCS, 333 F. Supp.2d 318, 322 (E.D.
Pa. 2004) (citations omitted).  Movants must prove through
pleadings, depositions, answers to interrogatories, and
admissions on file, together with the affidavits, if any, . . .
that there is no genuine issue of material fact and that [they
are] entitled to judgment as a matter of law.   FED. R. CIV. P.
56(c).  In considering a motion to compel arbitration, the Court
must consider all of the non-moving party  s evidence and construe
all reasonable inferences in the light most favorable to the non-
moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

---

Century  s Casualty Quota Share Treaty (  CQS  ) reinsurance program for years
1951 through 1964; Case No. 05-CV-2812 involves Century  s Excess General
Liability Excess of Loss reinsurance program for years 1975 through 1986; and
Case No. 05-CV-2813 involves ACE P&C  s Casualty Excess of Loss (  Treaty 4002  )
reinsurance program for years 1963 through 1982.

255 (1986); <u>Versarge v. Township of Clinton N.J.</u>, 984 F.2d 1359, 1361 (3d Cir. 1993).

## III.   DISCUSSION

A. *The Dispute Is Arbitrable*.

There is a strong federal policy in favor of resolving disputes through arbitration.  <u>See</u> <u>Alexander v. Anthony Int   ]</u> L.P., 341 F.3d 256, 263 (3d Cir. 2003).  Before the Court can order a reluctant party to arbitrate, however, the district court must conduct a limited review to ensure that the dispute is arbitrable, that is that there is a valid agreement to arbitrate and that the dispute falls within the substantive scope of the agreement.  <u>See</u> <u>Bellevue</u>, 333 F. Supp. 2d at 323 (quoting <u>PaineWebber, Inc. v. Hartmann</u>, 921 F.2d 507, 511 (3d Cir. 1990))(overruled on other grounds by <u>Howsam v. Dean Witter Reynolds, Inc.</u>, 537 U.S. 79 (2002)).  In this case, the Parties do not dispute the validity of multi-layered agreements.  In fact, the Parties have had a number of prior disputes under the reinsurance programs and, when necessary, the disputes were arbitrated in accordance with the arbitration clauses in the reinsurance contracts.

The present dispute is within the scope of the series of reinsurance agreements.  According to Respondents, Lloyds unilaterally announced in 2001 that it was imposing new, onerous documentation requirements that would have to be satisfied before

it would pay asbestos losses under any of Respondents
reinsurance programs.  One requirement was that Respondents must
provide documentation regarding specific asbestos claims paid by
other insurers decades ago, as well as submitting sworn
certifications to accompany asbestos billings.  Respondents
objected to the new requirements, arguing that they were extra-
contractual.  As a result, Lloyds has refused to pay Respondent
for asbestos losses because of the Respondents  alleged failure
to meet these new requirements.  Thereafter, on May 13, 2005,
Respondents attempted to arbitrate their dispute with Lloyds,
structuring the arbitrations according to the reinsurance
programs in order to prevent delay and promote efficiency in the
dispute resolution process.  Lloyds challenges this method,
arguing that none of the reinsurance contracts provide for
consolidation of arbitration proceedings, and that it has not
consented to the arrangement as proposed by Respondents.  The
Court agrees with Lloyds.

B. *The Number of Arbitrations Is Tied to the Reinsurance*
   *Contracts.*

Petitioners persuasively argue that the number of
arbitrations must be tied to the contracts and not to the
reinsurance programs.  This Court will not order consolidation of
these arbitrations as sought by Respondents because there is no
explicit agreement to do so.  See Phila. Reinsurance Corp. v.

4

Emplrs. Ins. of Wausau, 61 Fed. Appx. 816, 820 (3d Cir. 2003)
(finding that  [a] district court may order the consolidation of
separate arbitrations when the parties have an explicit agreement
to do so  ).  It should be noted that Respondents did not file an
action specifically seeking a court-ordered consolidation of
multiple arbitrations, but instead initially submitted a single
demand for arbitration, that is, one arbitration panel for each
reinsurance program.  Although Respondents have not sought to
consolidate the arbitrations, the Court finds that there is no
contractual agreement, express or implied, to structure the
arbitrations by the reinsurance programs as opposed to by the
reinsurance contracts.

     After considering the affidavits of both Parties, there does
not appear to be any  course of business  dealings that would
establish a practice of arbitrating by the reinsurance program as
opposed to by the reinsurance contract.  See Aff.  s of Patrick
Benedict Robin Coldstream & Judith A. Harnadek (reflecting that
while the Parties have arbitrated several times by reinsurance
program, the cases involved a single policy holder); Philadelphia
Reinsurance Corporation, 61 Fed. Appx. at 819-20 (finding that
the district court properly ordered the consolidation of separate
arbitrations when the parties had an informal contract, which may
be expressed through a course of business).  Accordingly,
Respondents must arbitrate in separate proceedings under each

contract, and if they desire consolidation, they must direct such a request to the respective arbitration panels.

An appropriate order follows.

S/ Clarence C. Newcomer
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD S | : | CIVIL ACTION |
| AND EXCESS INSURANCE | : | NO. 05-2809 |
| COMPANY LTD., *et al.,* | : | 05-2810 |
| | : | 05-2811 |
| Petitioners, | : | 05-2812 |
| | : | 05-2813 |
| v. | : | |
| | : | |
| CENTURY INDEMNITY COMPANY, AS | : | |
| SUCCESSOR TO INSURANCE COMPANY | : | |
| OF NORTH AMERICA, *et al.,* | : | |
| | : | |
| Respondents. | : | |

**O R D E R**

AND NOW, on this 1st day of August, 2005, upon consideration of Petitioners  Petition (Doc. 1), Respondents  Response, and Petitioners  Reply, said Petition is GRANTED.  All Motions seeking leave to file reply briefs are GRANTED.  It is further ORDERED that:

1.   Century shall produce all reinsurance agreements within the scope of its arbitration demand;

2.   Century is compelled to arbitrate under separate proceedings under each agreement;

3.   The arbitration proceeding commenced by Century  s May 13, 2005 demand letter is STAYED.

AND IT IS SO ORDERED.

S/ Clarence C. Newcomer
United States District Judge